# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SARAH SCHOENHERR, <br><br> Plaintiff, <br><br> vs. <br><br> CHASE BANK USA, N.A., <br><br> Defendant. | Case No. 1:19-cv-500 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. TCPA, 47 U.S.C. § 227 <br><br> 2. Invasion of Privacy – Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Sarah Schoenherr ("Plaintiff"), through her attorneys, alleges the following against Chase Bank USA, N.A., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the

- 1 -

solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the County of Macomb, State of Michigan.

7. Defendant is a financial institution with its corporate headquarters located at 201 N Walnut St, Wilmington, DE 19801. Defendant can be served with process at The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant was attempting to collect an alleged debt from Plaintiff.

10. In or around January 2019, Defendant began placing calls to Plaintiff's cellular phone number ending in 3996, in an attempt to collect an alleged debt.

11. The calls placed by Defendant originated mainly from the following numbers: (210) 520-0004, (813) 372-1900, (847) 488-2001, (407) 732-2415, and (847) 426-9145.

12. On or about January 17, 2019, at 2:24 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from an unknown number.

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Chase Bank account.

14. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

15. Defendant's calls continued until February 20, 2019.

16. Between January 17, 2019 and February 20, 2019, Defendant called Plaintiff no less than twenty (20) times.

17. Defendant called Plaintiff one (1) to two (2) times a day, and on some occasions, up to three (3) times a day.

18. Plaintiff is a single mother of two children and receives minimal financial support from the father of her children.

19. With two minor children, Plaintiff's cell phone needed to be in her possession at all times and the constant ringing of her phone caused by Defendant was a distraction and disturbance to her personal and work life.

20. Defendant's calls induced stress and anxiety due to the daily incessant calls to her cellular phone.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

24. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**Defendant's Invasion of Privacy**
**(Intrusion upon Seclusion)**

25. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

26. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

  b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

  c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sarah Schoenherr, respectfully requests judgment be entered against Defendant for the following:

  A. Declaratory judgment that Defendants violated the TCPA;

  B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

  C. Actual and punitive damages resulting from the invasion of privacy;

  D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

  E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

- 7 -

                                                RESPECTFULLY SUBMITTED,

                                                CHAMI LAW PLLC

Date: June 21, 2019                      */s/ Tarek N. Chami*
                                                Tarek N. Chami – P76407
                                                22000 Michigan Ave., Suite 200
                                                Dearborn, MI 48124
                                                (P): (313) 444-5029
                                                (F): (888) 428-7911
                                                (E): tarek@chamilawpllc.com